UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA JETT,
    Plaintiff

v.              Case No. 1:11-cv-586-HJW

AMERICAN NATIONAL RED CROSS,

    Defendant

## ORDER

Pending is the "Motion to Dismiss" (doc. no. 6) by the defendant American National Red Cross ("National"), which plaintiff Cynthia Jett ("Jett") opposes (doc. no. 11). Having fully considered the pleadings, the parties' numerous briefs and exhibits, and applicable authority, the Court will deny the motion without prejudice for the following reasons:

**I. Factual Allegations and Procedural History**

In her complaint, plaintiff alleges she worked as an administrative assistant for the defendant for over thirty-one years (doc. no. 1, ¶16). She indicates that National experienced financial difficulties in meeting its pension obligations in 2008-2009 (¶¶ 17-23). After reviewing its programs, finances, and organizational structure, National made

changes to its retirement system "designed to achieve financial stability and shrink the budget deficit" (¶¶ 24-25).

In March of 2009, plaintiff and several other employees received work evaluations indicating they had problems with communication and lacked motivation (¶ 28). On August 16, 2010, plaintiff (age 50) and two other employees (ages 39 and 43) were discharged, as part of a reduction in force ("RIF") implemented due to budget challenges (¶¶ 31-35). Plaintiff alleges that one week later, National posted several jobs, including hers, on Careerbuilder.com (¶¶ 36, 46). Plaintiff applied for her former job, but did not receive an interview (¶ 39). Plaintiff alleges other discharged employees were later rehired, but were subject to revised rules preventing them from accruing retirement benefits (¶¶ 25, 48, 53).[1] She alleges that her employer targeted her for discharge because she met the "Rule of 60," meaning her years of service and age equaled at least sixty as of June 30, 2005 (¶¶ 44-52, 61).

---

[1] Although plaintiff argues in her brief that her complaint alleges she was "replaced by an employee who, pursuant to the changes made to the Retirement System, could not become a member of the System" (doc. no. 11 at 12), the complaint contains no such allegation. Plaintiff may be relying on paragraph 47 of the complaint, which contains apparent typographical errors that render it nonsensical.

On December 23, 2010, the plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). She claimed she was terminated and replaced by a younger employee. She listed the "American Red Cross" as her employer, listed the address of the Cincinnati Chapter as her employer's address, and indicated that her employer had 15 to 100 employees (doc. no. 6-2 at 2, "Charge"). The EEOC mailed plaintiff a "Dismissal and Notice of Suit Rights" on May 23, 2011 (Id. at 33-34).

On August 12, 2011, plaintiff filed a three-count federal complaint, alleging that defendant National selected her for termination in the RIF to prevent accrual of her retirement benefits. She indicates she was not rehired after her termination in the RIF. In her complaint, plaintiff asserts: 1) in Count One, that National violated the Employee Retirement Income Securities Act of 1974, § 510 ("ERISA"), 29 U.S.C. § 1140, by interfering with her retirement benefits (doc. no. 1, ¶¶ 40-55); 2) in Count Two, that National violated the Age Discrimination in Employment Act ("ADEA") by implementing a RIF that had a discriminatory impact on older employees and by terminating

employees (including plaintiff) who met the Rule of 60 or stood to accrue continued retirement benefits (¶¶ 56-61); and 3) in Count Three, that National engaged in age discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), at K.R.S. § 344.040 and 344.280 (¶¶ 62-65).[2] Although plaintiff had indicated in her EEOC charge that she was not dual-filing with the Ohio Civil Rights Commission ("OCRC"), she later filed on November 8, 2011, an OCRC charge alleging age discrimination based on the same facts as her prior EEOC charge (doc. no. 11-4 at 1).

National filed a Rule 12(b)(6) motion to dismiss on multiple grounds, plaintiff responded, and National replied. The parties then filed supplemental memoranda (doc. no. 21-23). This matter is fully briefed and ripe for consideration.

## II. Issues Presented

The main issue before the Court is 1) whether plaintiff has sued the proper defendant as her employer. The defendant further argues that 2) the ERISA claim is time-barred; 3) the complaint fails to state an

---

2 The Complaint mislabeled the second count as "Count VII" and the third count as "Count VIII." Additionally, although the complaint refers to plural "defendants" in various paragraphs, only one defendant – the American National Red Cross – is sued here.

ERISA claim; 4) the Court lacks subject-matter jurisdiction over the ADEA claim; 5) the ADEA claim is time-barred; and 6) the KCRA claim should be dismissed because KCRA is a Kentucky statute that does not apply to acts in Ohio.

### III. Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)); Fed.R.Civ.Proc. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic, 550 U.S. at 555. A plaintiff must provide the grounds for entitlement to relief "rather than a blanket assertion of entitlement to relief." Id. at fn.3.

Courts generally do not consider matters outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss, although they may consider exhibits attached to the pleadings if those exhibits are referenced in the pleadings and are central the claims. <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86, 88-89 (6th Cir. 1997). Courts may also take judicial notice of orders issued by administrative agencies, such as the EEOC. <u>Toth v. Grand Truck R.R.</u>, 306 F.3d 335, 348 (6th Cir. 2002).

IV. <u>Discussion</u>

<u>Whether Plaintiff has Sued the Proper Defendant</u>

The defendant American National Red Cross ("National") is a national non-profit organization operating under a Congressional charter, with its principal office in Washington, D.C. National has chartered numerous local chapters, including a local chapter in Cincinnati, Ohio ("Cincinnati Chapter"). National asserts that it was not plaintiff's employer and is not the proper defendant here. National asserts that the Cincinnati Chapter actually employed the plaintiff.

Plaintiff responds that the Cincinnati Chapter is not a "legal entity," based upon her interpretation of a copy of the "Bylaws of the

Cincinnati Area Chapter of the American Red Cross" obtained on the Internet (doc. no. 11 at 2-3, attached exhibit). Although defendant asserts that the plaintiff misconstrues those bylaws (doc. no. 16 at 2), the inquiry here is necessarily fact-intensive and not suitable for determination under Rule 12(b)(6)). Defendant even argues that "the documents plaintiff has attached to her opposition demonstrate that she consistently maintained that the Chapter, and not the Red Cross, was her employer until she filed the complaint in this matter" (Id.).

In support of its argument that it was not plaintiff's employer, National cites cases holding that National and local chapters were not sufficiently integrated to justify treating them as a "single employer" for purposes of imposing liability on employment claims. See, e.g., Owens v. Am. Nat'l Red Cross, 673 F. Supp. 1156, 1161 (D. Conn. 1987) (holding that National was not the plaintiff's employer); Webb v. Am. Red Cross, 652 F. Supp. 917, 923 (D. Neb. 1986) (same, finding that National was not the plaintiff's employer and dismissing National as a party). National urges that "as a matter of law" it should be dismissed as a party because the Cincinnati Chapter employed the plaintiff.

The cases cited by National in support of its Rule 12(b)(6) motion all involved factual determinations under Rule 56. See, e.g., Owens, 673 F. Supp. at 1166 (granting summary judgment as to National because evidence showed that National and local chapter were not sufficiently integrated to justify treating them as single employer); Webb, 652 F. Supp. at 923 (same, finding that the evidence showed that National and Chapter were separate entities with separate bylaws, financial affairs, and personnel policies). Similarly, National argues in the present case that the bylaws "demonstrate that the Chapter maintains its own board of directors, manages its own finances and manages its own personnel, just as did the chapters in the cases [which were decided on summary judgment]" (doc. no. 16 at 3).

Research reflects numerous other cases where courts have considered the issue of whether a Congressionally-chartered non-profit national organization and its local chapter were a "single employer" for purposes of Title VII employment claims. Notably, such cases all involve review of evidence on summary judgment. See, e.g., Walker v. Boys and Girls Club of America, 38 F.Supp.2d 1326, 1331 (M.D.Ala.

1999) (finding, based on the evidence, that national organization and local chapter were not "single employer" for purposes of Title VII claim); Woodell v. United Way of Dutchess County, 357 F.Supp.2d 761, 768-69 (S.D.N.Y. 2005) (holding that the evidence did not establish "an interrelation of operations" between the national and local United Way); Tatum v. Everhart, 954 F.Supp. 225, 230 (D.Kan. 1997)(same); Reynolds v. Am. Red Cross Nat'l Headquarters, 2011 WL 4479054, *9-10 (S.D. W.Va.) (pointing out that "the Webb decision was largely fact determinative," and finding that, based on the evidence, genuine disputes of material fact existed as to whether National was a proper defendant).

In the Sixth Circuit, the "single employer" test focuses on whether the two entities share a sufficient level of "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control" in order to treat the two entities as a single employer. Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 994 (6th Cir. 1997) (affirming summary judgment on ADEA claim because the

evidence did not show sufficient interrelation of operations to treat the companies as a "single employer" or "integrated enterprise"). Consideration of such matters necessarily involves review of evidence, not just the face of the complaint. Plaintiff appropriately asserts that "without the benefit of discovery, Jett does not have all the information relative to the factors to be considered" (doc. no. 11 at 2).

In short, the question of whether National is the plaintiff's "employer" cannot be resolved on the record presently before the Court. The discovery process is not yet complete. The discovery deadline in this case is March 29, 2013, and dispositive motions are due by April 29, 2013 (doc. no. 25). Given that the parties have based their arguments on an analysis that requires consideration of evidence, and given that discovery has not concluded, this Court declines to convert the present motion to dismiss into a motion for summary judgment at this time. After adequate discovery, the issue of whether National is the plaintiff's employer (and any other dispositive issues) may be asserted in a properly-supported motion for summary judgment. As this issue is potentially dispositive of the entire case, the Court will not address the

defendant's remaining arguments at this time and will deny the entire motion to dismiss without prejudice.

Accordingly, the defendant's "Motion to Dismiss" (doc. no. 6) is **DENIED without prejudice**. This case shall proceed as scheduled.

IT IS SO ORDERED.

_____
Herman J. Weber, Senior Judge
United States District Court